**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4258**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

KEVIN JERMAINE JOHNSON,

               Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, District Judge. (1:10-cr-00703-BEL-1)

Submitted: November 26, 2012     Decided: December 13, 2012

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Lease, SMITH, LEASE & GOLDSTEIN, LLC, Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Brooke Carey, Assistant United States Attorney, Kenneth Clark, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Jermaine Johnson appeals his conviction for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), for which he was sentenced to 216 months' imprisonment. Johnson challenges the sufficiency of the evidence, the propriety of the jury instructions, the constitutionality of the statute, and the district court's evidentiary rulings. For the following reasons, we affirm.

Johnson asserts that § 922(g)(1), as interpreted, exceeds Congress's authority under the Commerce Clause because the fact that a firearm has crossed a state line is insufficient to demonstrate that the firearm affected interstate commerce. Our binding precedent holds otherwise. See United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001). Because a panel of this court may not overrule the precedent set by a prior panel, United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010), Johnson's argument must fail. See, e.g., United States v. Smoot, 690 F.3d 215, 222-24 (4th Cir. 2012). Further, because the statute is valid as interpreted, the district court's jury instructions were not erroneous. See id. at 223.

We review the denial of a motion for acquittal based on insufficient evidence de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). The verdict of a jury must be sustained "if there is substantial evidence, taking the view

most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and brackets omitted). "[I]f the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). After reviewing the record, we conclude that the Government presented sufficient evidence that the firearm had traveled across a state line to permit the jury to find a required element of the offense. We thus conclude that Johnson's challenge to the sufficiency of the evidence is without merit.

We review evidentiary rulings for abuse of discretion. United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). Although Johnson argues that his exculpatory statement was admissible, we conclude that it was not. See, e.g., United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996). We therefore conclude that the district court did not abuse its discretion in denying his request for its admission.

Johnson finally argues that the district court erred when it denied his motion for a mistrial based on an inadmissible reference during testimony for which the district court provided a curative instruction. The denial of a mistrial is reviewed for an abuse of discretion. United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). To show "an abuse of

3

discretion, the defendant must show prejudice." Id. In general, where there is no Government misconduct and a curative instruction is given, a mistrial is not warranted. Id. at 817-18. We conclude that Johnson's challenge is without merit because the Government did not purposefully elicit the challenged statement, the district court provided a curative instruction, and there was no prejudice.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4